**Russell E. AVEDIS, Plaintiff–Appellant,**

v.

**Alexis M. HERMAN, Secretary of Department of Labor, in her official capacity, United States Department of Labor, Office of Workers Compensation Programs, Defendants–Appellees.**

**Docket No. 99–6053.**

United States Court of Appeals, Second Circuit.

April 27, 2001.

Russell E. Avedis, Forest Hills, NY, pro se.

Assistant United States Attorney David S. Jones; Assistant United States Attorney Jeffrey Oestericher, on the brief, for Mary Jo White, United States Attorney for the Southern District of New York, New York, NY, for appellees.

Present LEVAL, SACK and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff appeals from the district court's grant of summary judgment to defendant dismissing his claim. Plaintiff, who was employed as an economist at the Department of Labor, sued to set aside the determination of the Secretary of the United States Department of Labor that he had ceased to be disabled from doing his job as an economist and that his benefits under the Federal Employees' Compensation Act should thus terminate.

Plaintiff contends that because there was a disagreement between his physician and the physician to whom plaintiff was sent by the Office of Workers' Compensation Programs, the Secretary was required by Section 8123(a) of the Act, 5 U.S.C. § 8123(a), to appoint a third physician to resolve the conflict between the physicians.

The Government contends first that the action of the Secretary is final and conclusive and not subject to judicial review. *See* 5 U.S.C. § 8128(b). Second, the Government argues that in any event the facts did not warrant appointment of a third physician because there was no disagreement between plaintiff's physician and the physician chosen by the Office of Workers' Compensation Programs.

We agree with the Government on the latter point. The physician chosen by the Office of Workers' Compensation Programs stated in relevant part that plaintiff was "able to return to work." The letter written by plaintiff's physician acknowledged that plaintiff was "clearly not dis-

abled" as that term is defined under the Social Security Act, and stated further that plaintiff "[was] clearly disabled" from "doing manual labor." The letter by plaintiff's physician took no position on plaintiff's ability to do his job as an economist. The two physicians' opinions were thus not in disagreement, and we accordingly need not reach the question whether the action of the Secretary is subject to judicial review.